# EXHIBIT 1

A6024   90012

1
2   AIMAN-SMITH & MARCY
PROFESSIONAL CORPORATION
Randall B. Aiman-Smith #124599
3   Reed W.L. Marcy #191531
Hallie Von Rock #233152
4   Carey A. James #269270
7677 Oakport St. Suite 1150
5   Oakland, CA 94621
T 510.817.2711
6   F 510.562.6830
ras@asmlawyers.com
7   rwlm@asmlawyers.com
hvr@asmlawyers.com
8   caj@asmlawyers.com

FILED
Superior Court of California
County of Los Angeles

JAN 1 2 2017

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Moses Soto

9   Attorneys for Azariah Rivera

CCW-CAC-D-310-KENNETH
FREEMAN

10
11          IN THE SUPERIOR COURT OF CALIFORNIA
12          IN AND FOR THE COUNTY OF LOS ANGELES

13   AZARIAH RIVERA, individually and
on behalf of all others similarly situated,

Case No.:   **BC 6 4 6 7 8 1**

14
**CLASS ACTION COMPLAINT FOR:**
15          Plaintiffs,

16          v.

17   UNIQLO CALIFORNIA, LLC, FAST
RETAILING USA, INC., and DOES 1-
50, inclusive,

18
19          Defendants.

1. **FAILURE TO INDEMNIFY BUSINESS EXPENSES**

2. **COMPELLED PATRONIZATION OF EMPLOYER AND/OR OTHER PERSONS**

3. **FAILURE TO PAY MINIMUM WAGES**

4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS**

20
21   5. **WAITING TIME PENALTIES**

22   6. **UNFAIR BUSINESS PRACTICES**

23   7. **INJUNCTION**

24
**DEMAND FOR JURY TRIAL**
25
26

27
28

RECEIPT #: CCH524880068
DATE PAID: 01/12/17
PAYMENT:
RECEIVED:
CHECK:
CASH:
CHANGE:
CARD:   $1,435.00

$1,435.00   01:55 PM
$0.00
$0.00   310
$0.00

CIT/CASE:
LER/DEF#:   BC646781

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*

Case No.

Plaintiffs are informed and believe and thereupon allege the following:

## I.    INTRODUCTION

1.    Azariah Rivera ("Named Plaintiff") brings these claims individually and as a class action under California Code of Civil Procedure § 382. These claims are asserted by Named Plaintiff in his capacity as a class action representative on behalf of all similarly situated persons (the "Plaintiff Class").

2.    As used herein, "Plaintiffs" mean Named Plaintiff and all members of Plaintiff Class.

3.    The Plaintiff Class consists of all individuals employed by defendants Uniqlo California, LLC, and Fast Retailing USA, Inc. (together, "Uniqlo" or "Defendants") who worked at any Uniqlo store as non-exempt hourly employees in California during the Class Period.

4.    The "Class Period" is designated as the period from 4 years prior to the filing of this action through the trial date. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

5.    Plaintiffs have been injured by: 1) Defendants' failure to reimburse Plaintiffs for necessary expenditures incurred by Plaintiffs in direct consequence of Plaintiffs' discharge of duties for Defendants; 2) Defendants' compulsion or coercion of Plaintiffs to patronize Defendant Stores and/or other persons; 3) Defendants' failure to pay minimum wages due for hours worked, (4) failure to furnish Plaintiffs accurate wage statements; and 5) Defendants' failure to timely pay Plaintiffs for all wages due upon termination of Plaintiffs' employment.

6.    For these injuries, Plaintiffs seek damages and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code §§ 201, 202, 203, 226, 450, 1194, 1197, 1198, and 2802; IWC Wage Order No. 7, §§ 9(A) and 12; and California Code of Civil Procedure § 1021.5. Additionally, Plaintiffs seek restitution and injunctive relief under California Business & Professions Code §§ 17200-17208.

7.      Defendants knowingly and intentionally engaged in the conduct complained of herein, and Defendants acted as alleged herein in willful and knowing violation of the law, including the legal provisions set forth in ¶ 6, above.

## II. PARTIES, JURISDICTION, AND VENUE

8.      Defendant UNIQLO California LLC ("UNIQLO California") is a subsidiary of UNIQLO USA LLC (a Delaware limited liability company with its principal place of business in New York).

9.      UNIQLO California is a Delaware limited liability company with its principal place of business in California. UNIQLO California operates approximately 17 UNIQLO brand retail stores in California.

10.     FAST RETAILING USA, INC. ("FAST RETAILING") is a New York corporation with its principal place of business in New York.

11.     FAST RETAILING does business in California, in which it has offices and employees.

12.     FAST RETAILING is a parent company to its subsidiary UNIQLO USA LLC.

13.     Named Plaintiff Azariah Rivera is a resident of Los Angeles County, California. Mr. Rivera has been employed by Defendants, as a retail sales associate in California since in or about August 2014. Mr. Azariah has worked at the Beverly Center location of UNIQLO California in Los Angeles, California. Mr. Rivera is a member of the Plaintiff Class.

14.     Plaintiff is ignorant of the true names or capacities of defendants named herein as Does 1 through 50, inclusive, and therefore sue these defendants by these fictitious names. When the names and capacities of these defendants are ascertained, Plaintiff will amend this complaint accordingly. Each of the defendants named herein or designated as a Doe is liable or in some manner legally responsible for the events alleged herein.

15.     All or a substantial portion of the events or omissions giving rise to the claims herein occurred in the State of California. The Named Plaintiff and all putative class members worked for Defendants in California. Defendants are deemed to reside in the County of Los Angeles, in that, at the time of the events alleged herein, Defendants were doing business

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*
Page 2                                                    Case No.

Doc# 1 Page# 3 - Doc ID = 1677531452 - Doc Type = OTHER

1  within the County of Los Angeles. Named Plaintiff worked for Defendants within the County

2  of Los Angeles during the Class Period. Defendants employed numerous Plaintiffs, including

3  Named Plaintiff, within Los Angeles County during the Class Period. Accordingly, this Court

4  has personal jurisdiction over Defendants, and venue is proper in this Court.

5  ## III. GENERAL ALLEGATIONS

6  16.  UNIQLO California owns and operates Defendant Stores throughout California.

7  Throughout the Class Period, UNIQLO California has operated approximately 17 Defendant

8  Stores in California.

9  17.  UNIQLO California employs and has employed Plaintiffs in Defendant Stores in

10  California during the Class Period.

11  18.  Currently, and at all times during the Class Period, Defendants required, as a

12  matter of company-wide policy, that Employees purchase specific UNIQLO clothing, or wear

13  "all black" clothing to work at UNIQLO California retail stores. These requirements impose

14  as condition of employment that Plaintiffs wear uniforms of distinctive design or color.

15  Having imposed said condition, Defendants failed to provide or maintain said uniforms, failed

16  to reimburse for the expenses incurred in obtaining and maintaining such uniforms, and

17  otherwise failed to indemnify Plaintiffs for necessary expenditures incurred in as a direct

18  consequence of Plaintiffs' job duties. By doing these acts, Defendants violated California

19  Labor Code § 2802 and IWC Wage Order No. 7, § 9(A).

20  19.  The acts of Defendants as herein alleged further constitute violations of

21  California Labor Code § 450 and California Business and Professions Code § 17200 *et seq.* by,

22  *inter alia*, compelling or coercing Plaintiffs to patronize UNIQLO California, and other

23  specific persons, in the purchase of goods of value. Defendants' requirement that Plaintiffs

24  purchase specific UNIQLO clothing or wear "all black" clothing to work at UNIQLO

25  effectively compels Plaintiffs to patronize UNIQLO California retail stores and/or stores

26  selling "all black" clothing.

27  20.  Further, Defendants' policy of forcing employees to purchase clothing

28  constituting uniforms as alleged herein effectively reduced Plaintiffs' wages below the

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*    Case No.
Page 3

1   minimum wage in violation of California Labor Code §§ 1194, 1194.2, 1197, and 1197.1.

2       21.   At all times during the Class Period, the wage statements provided by

3   Defendants to Plaintiffs did not display the accurate gross and net wages earned by Plaintiffs

4   during those pay periods in which Plaintiffs purchase clothing to comply with Defendants'

5   uniform policy.  By failing to provide accurate, itemized wage statements as required by law,

6   Defendants violated California Labor Code § 226.  Defendants' failure to provide Plaintiffs

7   with accurate, itemized wage statements is and was knowing and intentional.

8       22.   At all times during the Class Period, Defendants failed to pay, within the 72-hour

9   time period required by statute, all wages due to those Plaintiffs whose employment with

10   Defendants ended during the class period.  Defendants failed to pay Plaintiffs all wages due

11   upon termination or within 72 hours of said Plaintiffs' resignation because, *inter alia*,

12   UNIQLO California does not pay all minimum wages due in those pay periods in which

13   Plaintiffs purchase clothing to comply with Defendants' uniform policy.  Defendants' failure to

14   pay Plaintiffs all wages due upon resignation or termination of employment within the time

15   required by statute is and was willful and intentional.

16             **IV.   CLASS ACTION ALLEGATIONS**

17       23.   Named Plaintiff brings this action on behalf of himself and all others similarly

18   situated as a class action pursuant to California Code of Civil Procedure § 382, including such

19   equitable relief as the Court may grant.  The class that the Named Plaintiff seeks to represent is

20   defined as follows:

21         **All Non-Exempt California Defendant Store Employees:**  All persons who are

22         or were employed in California as non-exempt employees at UNIQLO California

23         retail stores during the Class Period.

24       24.   As set forth herein, the claims alleged may properly be maintained as a class

25   action pursuant to California Code of Civil Procedure § 382 because there is a well-defined

26   community of interest among ascertainable class members with regard to the claims asserted

27   herein.

28       25.   The total number of members of the Plaintiff Class, as defined herein, is believed

1 | to be in excess of 100 persons; accordingly, joinder of all class members would be impractical.

2 |     26.    Questions of law and fact common to Named Plaintiff and Plaintiff Class

3 | predominate over questions of law and fact affecting only individual members of the class.

4 | Said common questions of law and fact include, but are not limited to, the following:

5 |     (a)    Whether Defendants, as a matter of common policy, failed to indemnify

6 |            Plaintiff Class for job-related expenses, including clothing and shoes;

7 |     (b)    Whether Defendants, as a matter of uniform policy, failed to pay

8 |            minimum wage for all hours worked to Plaintiff Class;

9 |     (c)    Whether Defendants, as a matter of uniform policy, compelled or coerced

10 |            Plaintiffs to patronize Defendant Stores or other persons;

11 |     (d)    Whether Defendants provided accurate itemized wage statements to

12 |            Plaintiff Class in accordance with California law;

13 |     (e)    Whether Defendants' actions, including compelling or coercing Plaintiff

14 |            Class to patronize Defendant Stores and/or other persons in violation of

15 |            California Labor Code § 450, constitute violations of California Business

16 |            and Professions Code section 17200, et seq.;

17 |     (f)    Whether Defendants' actions in violation of California Labor Law were

18 |            "willful" for purposes of imposing additional penalties;

19 |     (g)    The proper formula for calculating wages, damages, waiting time and

20 |            other statutory penalties owed to Plaintiff Class;

21 |     (h)    Whether Defendants will, unless enjoined, continue the practices alleged

22 |            herein; and

23 |     (i)    The terms and conditions of the injunction to be issued against

24 |            Defendants.

25 |     27.    The identity of members of Plaintiff Class is ascertainable from available records

26 | maintained by Defendants or by third parties. There is a well-defined community of interest

27 | between the members of Plaintiff Class.

28 |     28.    Named Plaintiff's claims are typical of the claims of Plaintiff Class because

1  Named Plaintiff was subjected to the unlawful practices alleged herein common to Plaintiff
2  Class. Defendants' common course of conduct has caused Named Plaintiff and the Plaintiff
3  Class to sustain the same or substantially similar injuries and damages caused by the same
4  practices of Defendants. Named Plaintiff's claims are, accordingly, representative of the
5  claims of Plaintiff Class.

6      29.    Named Plaintiff has no conflict of interest with any other members of Plaintiff
7  Class, and Named Plaintiff will vigorously prosecute this case on behalf of Plaintiff Class.

8      30.    Counsel who represent Named Plaintiff are competent and experienced in
9  litigating complex actions pertaining to employment practices, including many class action
10 claims for wage and hour claims pursuant to California and federal law. Named Plaintiff and
11 his counsel will fairly and adequately represent and protect the interests of the members of
12 Plaintiff Class.

13                          V.    CAUSES OF ACTION

14                          FIRST CAUSE OF ACTION
                        **Failure to Indemnify Business Expenses**
15             (California Labor Code § 2802; IWC Wage Order No. 7, § 9(A))

16     31.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set
17 forth herein.

18     32.    California Labor Code § 2802 requires employers, including Defendants, to
19 indemnify employees for all necessary expenditures incurred by the employee in performing
20 his or her job.

21     33.    As alleged herein, including in ¶ 18, above, Defendants require Plaintiffs to
22 purchase supplies, including clothing of distinctive design and color, necessary to perform
23 Plaintiffs' job duties.

24     34.    Such expenditures by Plaintiffs are incurred in direct consequence of the
25 discharge of Plaintiffs' job duties.

26     35.    Defendants do not reimburse Plaintiffs for these necessary expenditures.

27     36.    As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for
28 these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*                    Case No.
Page 6

1      37.    Plaintiffs are, therefore, entitled to recover reimbursement for these necessary

2  expenditures, and also to recover costs, interest, and attorney's fees as provided by California

3  law.

### SECOND CAUSE OF ACTION
### Compulsion and Coercion to Patronize Employer and/or Other Persons
### (California Labor Code § 450)

6      38.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

7  forth herein.

8      39.    California Labor Code § 450 provides that no employer "may compel or coerce

9  any employee, or applicant for employment, to patronize his or her employer, or any other

10  person, in the purchase of any thing of value."

11      40.    As alleged herein, Defendants require Plaintiffs to purchase goods of value,

12  including clothing, from Defendant Stores and/or other specific persons.

13      41.    As a direct and proximate result of Defendants' requirement that Plaintiffs

14  purchase goods of value, including clothing, from Defendant Stores and/or other specific

15  persons, Plaintiffs have been injured in an amount to be proved at trial.

16      42.    Plaintiffs are, therefore, entitled to recover damages, and also to recover costs,

17  interest, and attorney's fees as provided by California law.

### THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wages
### (California Labor Code §§ 1194, 1194.2, 1197, and 1197.1)

43.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

forth herein.

44.    California Labor Code § 1194(a) states:

> (a)    Notwithstanding any agreement to work for a lesser wage,
> any employee receiving less than the legal minimum wage or
> the legal overtime compensation applicable to the employee is
> entitled to recover in a civil action the unpaid balance of the
> full amount of this minimum wage or overtime compensation,
> including interest thereon, reasonable attorney's fees, and costs
> of suit.
> (b)    The amendments made to this section by Chapter 825 of

the Statutes of 1991 shall apply only to civil actions commenced on or after January 1, 1992.

45.    California Labor Code §1197 provides:

The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

46.    At all times relevant, Defendants have required Plaintiffs and the putative members of the class to work without compensating Plaintiff and the putative members of the class at the minimum wage in violation of the Labor Code.  Specifically, because Defendants required Plaintiff and the putative members of the class to purchase goods of value, including clothing, from Defendant Stores and/or other specific persons and Defendants deducted the purchase of the items from Plaintiff and putative class members' wages and/or the Plaintiffs had to purchase the goods with amounts earned from Defendants, these deductions caused the Plaintiff and putative class members' wages to drop below the minimum wage.

47.    Defendants' failure to provide Plaintiff and members of the putative class minimum wages for all hours worked violates the California Labor Code, and Plaintiff on behalf of himself and all putative members of the class seeks the maximum amount of compensation available for Defendants' failure to comply with Labor Code § 1194(a), including attorneys' fees and costs.

48.    California Labor Code §1194.2 provides:

(a)    In any action under Section 1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.  Nothing in this subdivision shall be construed to authorize the recovery of liquidated damages for failure to pay overtime compensation.

49.    Plaintiff, on behalf of himself and all putative members of the class, seeks punitive damages under California Labor Code § 1194.2 for Defendants' violation of California Labor Code § 1194(a).

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*
Page 8

Case No.

50.    California Labor Code §1197.1 provides in pertinent part:

(a) Any employer or other person acting either individually or as an officer, agent, or employee of another person, who pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission shall be subject to a civil penalty, restitution of wages, and liquidated damages payable to the employee, as follows:

(1) For any initial violation that is intentionally committed, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee is underpaid. This amount shall be in addition to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Section 1194.2.

(2) For each subsequent violation for the same specific offense, two hundred fifty dollars ($250) for each underpaid employee for each pay period for which the employee is underpaid regardless of whether the initial violation is intentionally committed. This amount shall be in addition to an amount sufficient to recover underpaid wages and liquidated damages pursuant to Section 1194.2.

(3) Wages and liquidated damages recovered pursuant to this section shall be paid to the affected employee.

51.    Plaintiff, on behalf of himself and all putative members of the class, seek civil penalties and restitution under California Labor Code § 1197.1 for Defendants' violation of California Labor Code § 1197.

## FOURTH CAUSE OF ACTION
### Failure to Furnish Accurate Wage Statements
### (California Labor Code § 226)

52.    Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

53.    California Law, including but not limited to California Labor Code § 226(a), requires employers, including Defendants, to furnish each employee, at the time of payment of wages, accurate, itemized wage statements displaying, among other things, gross and net wages earned by the employee.

54.    As alleged herein, including in ¶ 21, above, the wage statements provided to Plaintiffs by Defendants do not include the information required by California law, including

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*
Page 9

Case No.

1   but not limited to California Labor Code § 226(a).

2       55.   Plaintiffs' ability to calculate wages earned has been complicated by the absence

3   of information required by Labor Code 226(a) but missing from the wage statements provided

4   by Defendants, and the absence this information has prevented Plaintiffs from challenging the

5   accuracy of wages paid by Defendants.

6       56.   As a direct and proximate result of Defendants' failure to provide Plaintiffs with

7   accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and

8   expense in attempting to reconstruct time and pay records.

9       57.   Defendants' failure to provide Plaintiffs accurate, itemized wage statements was

10  knowing and intentional, as evidenced by, *inter alia*, Defendants' uniform policy of failing to

11  pay minimum wage during pay periods in which Plaintiffs purchased clothing to comply with

12  Defendants' dress code policy.

13      58.   As a direct and proximate result of Defendants' failure to provide Plaintiffs with

14  accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their

15  statutorily protected rights, and have been injured because they were denied both their legal

16  right to receive, and their protected interest in receiving, accurate, itemized wage statements.

17      59.   Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to

18  California Labor Code § 226(e), in addition to costs and attorney's fees as provided by

19  California law.

20                      **FIFTH CAUSE OF ACTION**
                         **Waiting Time Penalties**

21          **(California Labor Code §§ 201, 202, and 203)**

22      60.   Plaintiff incorporates by reference all preceding paragraphs as though fully set

23  forth herein.

24      61.   California Labor Code §§ 201 and 202 require employers, including Defendants,

25  to pay employees, upon the termination of employment, all wages due within the time

26  specified by those statutes.

27      62.   California Labor Code § 203 provides that where an employer fails to timely pay

28  such wages, the employer must continue to pay the subject employee's wages until back wages

Case No.

1  are paid in full or an action is commenced, up to a maximum of 30 days of wages.

2      63.    As alleged herein, including in ¶ 22, above, all members of Plaintiff Class who

3  have terminated or who will terminate their employment with Defendants at any time prior to

4  entry of judgment in this case were not paid all wages owed to them at the time of termination

5  of employment.

6      64.    Defendants' failure to provide Plaintiffs all wages due upon termination was

7  willful, as evidenced by, *inter alia*, Defendants' uniform policy of failing to pay minimum

8  wage during pay periods in which Plaintiffs purchased clothing to comply with Defendants'

9  dress code policy.

10      65.    As a direct and proximate result of Defendants' failure to pay said Plaintiffs all

11  wages when due upon termination of employment, Plaintiffs have been injured in an amount to

12  be proved at trial.

13      66.    Accordingly, members of the Plaintiff Class who have terminated or who will

14  terminate their employment with Defendant at any time prior to entry of judgment in this case

15  are entitled to payment of 30 days' wages under California Labor Code § 203 and additionally

16  to interest, costs, and attorney's fees.

17                     **SIXTH CAUSE OF ACTION**
                  **Restitution - Unfair Business Practices**

18         **(California Business & Professions Code § 17200 *et seq*.)**

19      67.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

20  forth herein.

21      68.    Each violation of California law by Defendant as alleged herein constitutes a

22  separate and distinct unfair and unlawful practice in violation of California Business &

23  Professions Code § 17200, *et seq*.

24      69.    As a direct and proximate result of Defendants' unlawful and unfair business

25  practices as alleged herein, Defendants have been enriched by the retention of funds that are

26  the property of Plaintiffs. Plaintiffs are entitled to restitution of all amounts which Defendant

27  was obligated to provide to the members of Plaintiff Class and which, through the unfair and

28  unlawful practices alleged herein, Defendant did not pay to the members of Plaintiff Class.

1   The total of these amounts can be proved with common evidence.

2       70.    Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's

3   fees according to law.

**SEVENTH CAUSE OF ACTION**
Injunction
**(California Business & Professions Code § 17200 et seq.)**

6       71.    Plaintiff incorporates by reference all preceding paragraphs as though fully set

7   forth herein.

8       72.    Each violation of California law by Defendants as alleged herein constitutes a

9   separate and distinct unlawful and unfair practice in violation of California Business &

10  Professions Code § 17200, et seq.

11      73.    Plaintiffs have been harmed by Defendants' unlawful and unfair practices as

12  alleged herein.

13      74.    Defendants continue to engage in the unlawful and unfair practices alleged

14  herein through the present day.

15      75.    Unless enjoined by this Court, Defendants will continue to engage in the

16  unlawful and unfair practices alleged herein.

17      76.    Plaintiffs are entitled to, and therefore request, an injunction of this Court

18  requiring that Defendants permanently cease and desist from engaging in the unlawful and

19  unfair practices alleged herein, including in ¶¶ 20-25, above, and, further, that this Court make

20  such orders as are necessary to monitor Defendants' compliance with said injunction.

21      77.    Plaintiffs are further entitled to costs and attorney's fees for pursuing the

22  injunction requested herein.

**VI.    PRAYER FOR RELIEF**

24      Wherefore, Named Plaintiff, on behalf of himself and all Plaintiffs, prays for relief as

25  follows:

26      1.     That the Court certify this action as a class action on behalf of the Plaintiff Class

27  pursuant to California Code of Civil Procedure § 382;

28      2.     That the Court designate Named Plaintiff as representatives of the Plaintiff Class;

---

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*
Page 12                                            Case No.

1      3.     That the Court appoint the law firm Aiman-Smith & Marcy as class counsel;

2      4.     That Defendants be ordered to pay all amounts owed to the Plaintiff Class arising

3  out of the actions complained of herein, including wages, penalties, interest, and costs;

4      5.     That Defendants, at Defendants' expense, be ordered to provide full and

5  adequate notice as required in class actions to all members of the Plaintiff Class;

6      6.     That this action and Plaintiff Class be further designated, respectively, as a

7  representative action and representative class under California Business & Professions Code §

8  17200, *et seq.*;

9      7.     That Defendant be ordered to make full restitution of all amounts received by

10  Defendants, and/or retained by Defendants, and/or not paid by Defendants to the Plaintiff

11  Class, pursuant to the California Labor Code and California Business and Professions Code §

12  17200, *et seq.*;

13      8.     That in addition to any constitutionally sufficient notice that is or might

14  otherwise be required in a class action under California law, that Defendants be ordered to pay

15  for all necessary efforts to actually locate members of the representative class under Business

16  and Professions Code § 17200, *et seq.*;

17      9.     That this Court determine, and provide its declaratory judgment, that the

18  practices complained of herein were done willfully, knowingly, and intentionally;

19      10.    That this Court issue a temporary injunction, on terms the Court may deem

20  appropriate and necessary, prohibiting Defendants from engaging in the practices complained

21  of herein pending trial of this action, and requiring Defendants to make appropriate reports to

22  the Court or its appointed agent or expert regarding its compliance with said injunction, and

23  requiring Defendants to pay all costs associated with said monitoring said injunction;

24      11.    That this Court issue a permanent injunction, on terms the Court may deem

25  appropriate and necessary, prohibiting Defendants from engaging in the practices complained

26  of herein, requiring Defendants to make appropriate reports to the Court or its appointed agent

27  or expert regarding its compliance with said injunction, and requiring Defendants to pay all

28  costs associated with said monitoring said injunction;

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*
Page 13                           Case No.

1    12.    For attorney's fees as provided by statutory and common law;

2    13.    For costs of suit incurred; and

3    14.    For such other legal and equitable relief as the Court may deem just and proper.

4    Dated: January 12, 2017                    AIMAN-SMITH MARCY
                                                A PROFESSIONAL CORPORATION
5

6

7                                               Hallie Von Rock
                                                Attorneys for Plaintiff
8                                               Azariah Rivera

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*                    Case No.
Page 14

1                              **DEMAND FOR JURY TRIAL**

2          Named Plaintiff, on behalf of himself and the Plaintiff Class, hereby demand a jury on

3     all causes of action and claims with respect to which Named Plaintiff have a right to jury trial.

4

5

6     Dated: January 12, 2017                      AIMAN-SMITH MARCY
                                                   A PROFESSIONAL CORPORATION

7

8                                            Hallie Von Rock
                                             Attorneys for Plaintiff
9                                            Azariah Rivera

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint
*Rivera, et al. v. Uniqlo California, LLC, et al.*                    Case No.
Page 15

Doc# 1 Page# 16 - Doc ID = 1677531452 - Doc Type = OTHER

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Hallie Von Rock, Esq., SBN 233152<br>Aiman-Smith & Marcy<br>7677 Oakport Street, Suite 1150<br>Oakland, California 94621<br>TELEPHONE NO: 510/817-2711 FAX NO: 510/562-6830<br>ATTORNEY FOR *(Name):* Plaintiff Azariah Rivera | FOR COURT USE ONLY<br><br>FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 1 2 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____, Deputy<br>Moses Soto |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Rivera v. Uniqlo California, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 6 4 6 7 8 1 |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of Judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 12, 2017
Hallie Von Rock, Esq., SBN 233152
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



| SHORT TITLE: Rivera v. Uniqlo California, LLC, et al. | CASE NUMBER BC 6 4 6 7 8 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

| SHORT TITLE: Rivera v. Uniqlo California, LLC, et al. | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | ☐ A6032  Quiet Title | 2, 6 |
| | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

01/12/2017

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Rivera v. Uniqlo California, LLC, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

*(vertical text in left margin:)* 01/27/2017

| LACIV 109 (Rev 2/16)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.3<br>Page 3 of 4 |
|---|---|---|

| SHORT TITLE: Rivera v. Uniqlo California, LLC, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☒ 1. ☒ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 111 North Hill Street |
|---|---|

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: January 12, 2017

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

01/12/2017