NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZARIAH RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIQLO CALIFORNIA, LLC, FAST RETAILING USA, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-2848 JAK (JPRx)<br><br>**ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>First Amended<br>Complaint Filed: March 19, 2017 |

On July 18, 2017, Plaintiff AZARIAH RIVERA ("Plaintiff") and Defendants UNIQLO CALIFORNIA LLC and FAST RETAILING USA, INC, (collectively, "Defendants"), through their respective counsel of record, filed a Joint Stipulation for Protective Order. Good cause appearing, the Joint Stipulation is **GRANTED**. The Court enters the following Protective Order:

## **PROTECTIVE ORDER**

In order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, and to protect privileged and otherwise protected documents, data, and other information (including electronically stored information and metadata) against

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER     Case No. 2:17-cv-2848 JAK (JPRx)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

inadvertent production and claims of waiver in the event they are produced during the course of this litigation, IT IS HEREBY ORDERED:

1. In this Protective Order, the words set forth below shall have the following meanings:

    a. "Proceeding" means the above-entitled proceeding, *Azariah Rivera v. Uniqlo California LLC, et al.*, United States District Court for the Central District of California Case No. 17-cv-2848-JAK (JPRx).

    b. "Party" means any party to this action, including all of its officers, directors, and employees.

    c. "Court" means the Honorable John F. Kronstadt and the Honorable Jean P. Rosenbluth, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    d. "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    e. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Protective Order.

    f. "Designating Party" means the Party that designates Materials as "Confidential."

    g. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    h. "Documents" means (i) any kind of written, typewritten, printed or recorded material whatsoever, including but not limited to, any notes, memoranda, charges, complaints, claims, affidavits,

statements, papers, files, forms, data, tapes, printouts, letters, reports, contracts, communications, agreements, telegrams, records, correspondence, diaries, calendars, recordings and transcriptions of recordings, information retrievable from computers, photographs, diagrams, or any other writing, which have been produced in discovery in this Proceeding by any Person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    i.    "Information" means the content of Documents or Testimony.

    j.    "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

2.    The Designating Party may designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

3.    The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges or protections, or any Party's right to contest any such assertion.

4.    Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    a.    For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER     3.     Case No. 2:17-cv-2848 JAK (JPRx)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

    b.  For Testimony given in depositions the Designating Party may either:

      i.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

      ii.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

    c.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

  5.  The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER    4.    Case No. 2:17-cv-2848 JAK (JPRx)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within five (5) days of discovery of the inadvertent production (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall use best efforts to mark the Document, Testimony or Information "Confidential" and treat the aforementioned as confidential. This provision is not intended to apply to any inadvertent production of any Information protected by the attorney-client privilege or work product protection. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

6. In the event counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, the parties shall meet and confer promptly and in good faith. If the meet and confer process does not resolve the issue, then any Party may challenge any documents designated "Confidential" by filing a discovery motion in compliance with Local Civil Rule 37. Pending a resolution of the discovery motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any discovery motion of establishing the applicability of its "Confidential" designation.

7. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

    a. the Parties;

    b. counsel of record for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER    5.    Case No. 2:17-cv-2848 JAK (JPRx)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

contractors, discovery vendors, and outside copying services, who are working on this Proceeding under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order;

c. those officers, directors, partners, members, employees and agents of all non-Designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person and shall explain that such person is bound to follow the terms of such Protective Order. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such individual, to promptly notify counsel for the Designating Party of such breach or threatened breach;

d. retained experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. Counsel for the Party making the Disclosure shall use best efforts to maintain these written Certifications until the entry of judgment or dismissal of the action. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

e.  any person who authored, received, saw or was otherwise familiar with a document or thing marked "Confidential," including any person otherwise familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information;

f.  individuals whom any Party to this Proceeding intends to call as witnesses at trial, provided that such Party reasonably believes that the witness has information concerning the documents or information; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER  7.  Case No. 2:17-cv-2848 JAK (JPRx)

        g.    court reporters in this Proceeding (whether at depositions, hearings, trial or any other proceeding);

        h.    the Court; and

        i.    any other person to whom the Designating Party agrees in writing.

8. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

9. Any Party to the Proceeding (or other person subject to the terms of this Protective Order) may ask the Court under Local Rule 37, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Protective Order.

10. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

        a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

        b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

                i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Protective Order; or

                ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER      8.      Case No. 2:17-cv-2848 JAK (JPRx)

Protective Order, either generally or as to any particular Document, Material or Information.

11. Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the Parties hereto. Any such designation shall also function as a consent by such producing non-Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Protective Order.

12. If any person subject to this Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena unless prohibited by law. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena unless a Court so orders.

13. Nothing in this Protective Order shall be construed to preclude any Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

14. This Protective Order is also designed to foreclose any arguments that the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work product doctrine, or other applicable privilege or protection:

    a. Was not inadvertent by the Producing Party;

    b. That the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;

    c. That the Producing Party did not take reasonable or timely steps to rectify such disclosure; and/or

    d. That such disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

15. Privileged and otherwise protected documents and electronically stored information that are produced during the course of this litigation, whether pursuant to a court order, a Party's discovery request, or informal production, shall, in the event of any claim of waiver (including as against third parties), be governed as follows unless the Court orders otherwise:

    a. The Disclosure or production of documents, data or information (including, without limitation, metadata) by a Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and work product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document, data or information.

    b. The inadvertent disclosure or production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such document, data or information as to the Receiving Party, or any

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER    10.    Case No. 2:17-cv-2848 JAK (JPRx)

third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

c. If, during the course of this litigation, a Party determines that any document, data or information (including, without limitation, metadata) produced by a Party is on its face subject to a legally recognizable privilege, immunity, evidentiary protection or other right not to produce such information ("Protected Document"), the Receiving Party shall refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure, immediately notify the Producing Party in writing that it has discovered documents, data and/or information believed to be privileged, immune or otherwise not subject to production, identify the Protected Documents by bates number range or hash value range, and return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof, within five (5) court days of discovery by the Receiving Party. To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents, data or information to identify potentially privileged, protected, or work product Protected Document.

d.  If the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party as Protected Documents, the Producing Party will provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection.

e.  If, during the course of this litigation, a Party determines it has produced a Protected Document, the Producing Party may notify the Receiving Party of such inadvertent production in writing. Such notice shall be in writing; however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Document that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER      12.      Case No. 2:17-cv-2848 JAK (JPRx)

the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection. The Producing Party will also demand the return of the inadvertently produced Protected Document. After receiving such written notification, the Receiving Party must, within five (5) court days of receiving the written notification, return, sequester, or destroy the specified Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof, and to the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

    f.    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of the written notice by the Producing Party as set forth in paragraphs (c) and (e), then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

    g.    A Receiving Party's return, sequestering or destruction of such Protected Documents as provided herein will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data and/or information on grounds the documents, data and/or information are not in fact subject to a viable claim of privilege or other protection.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER    13.   Case No. 2:17-cv-2848 JAK (JPRx)

However, the Receiving Party is prohibited and estopped from arguing that the Producing Party's production of the Protected Documents in this matter acts as a waiver of applicable privileges or protections, that the disclosure of the Protected Documents by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents, and/or that the Producing Party did not take reasonable steps to rectify such disclosure.

h. Any Party may submit Protected Documents to the Court under seal in compliance with Local Rule 79-5 for a determination of the claim of privilege or other protection. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents for any purpose absent this Court's order.

i. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within five (5) court days of the Court's order. The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

j. Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER    14.    Case No. 2:17-cv-2848 JAK (JPRx)

16. If, after entrance of this Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17. This Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

19. Nothing in this Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

20. This Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Protective Order, even after the Proceeding is terminated.

21. Upon written request made within thirty (30) days after settlement or the time for appeal after the termination of the Proceeding has expired, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER   15.   Case No. 2:17-cv-2848 JAK (JPRx)

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

counsel for each Party may maintain in its files, in continuing compliance with the terms of this Protective Order, all work product, and one copy of each pleading filed with the Court and one copy of each deposition together with the exhibits marked at the deposition) at the Designating Party's written request, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion under Local Rule 37 seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

22. No document shall be filed under seal unless counsel secures a court order allowing the filing of a document, or portion thereof, under seal. Any Party seeking to file documents under seal shall apply to do so, in accordance with Local Civil Rule 79-5 and Judge Kronstadt's or Judge Rosenbluth's practices and procedures, available on the Court's website.

23. This Protective Order is subject to modification by stipulation of the Parties. However, no stipulated modification of the Protective Order will have the force or effect of a Court order without the Court's prior approval. The Court may modify the terms and conditions of this Protective Order on its own order at any time in these proceedings. The Parties request that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to incorporation of such modifications.

Dated: July 31, 2017

_____
HON. JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER — 16. — Case No. 2:17-cv-2848 JAK (JPRx)

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____[NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, Case No. 17-cv-2848-JAK-(JPRx). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Protective Order filed in this Proceeding. I have been given a copy of the Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Confidential Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Confidential Materials will be returned to counsel who provided me with such Confidential Materials.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Dated: _____

By: _____
Signature

_____
Title

_____
Address

_____
Telephone Number

LITTLER MENDELSON, P.C.
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

ORDER GRANTING JOINT STIPULATION FOR PROTECTIVE ORDER | 18. | Case No. 2:17-cv-2848 JAK (JPRx)