UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF ORDER FINALLY APPROVING CLASS ACTION SETTLEMENT (DKT. 52)**

**PLAINTIFF'S MOTION FOR ENTRY OF ORDER FINALLY APPROVING ATTORNEY'S FEES AND LITIGATING COSTS (DKT. 53)**

**I.    Introduction**

On January 12, 2017, Azariah Rivera ("Plaintiff") brought this putative class action in the Los Angeles Superior Court in which Uniqlo California, LLC ("Uniqlo") and Fast Retailing USA, Inc. ("Fast Retailing") were named as defendants (collectively, "Defendants"). Dkt. 1-1. On March 13, 2017, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 1-2 at 6-21. On April 14, 2017, Defendants removed the action. Dkt. 1.

The parties reached a settlement in principle of this matter on March 30, 2018, eight days after a full-day mediation with a private neutral. Dkt. 46. Plaintiff then filed an unopposed motion for preliminary approval of class action settlement ("Preliminary Approval Motion"). Dkt. 48-1. The Preliminary Approval Motion sought: (i) preliminary approval of the Settlement, including the requested attorney's fees, incentive payment and settlement administration costs; (ii) approval of the nature and method of class notice; (iii) certification, for purposes of settlement only, of the proposed class (the "Class") under Fed. R. Civ. P. 23; (iv) appointment of Plaintiff as Class Representative and (v) appointment of Aiman-Smith & Marcy, PC as Class Counsel. *See id.* Following a July 9, 2018 hearing on the Preliminary Approval Motion (Dkt. 49), Class Counsel submitted a supplemental filing as to several issues raised during the hearing. Dkt. 50.

On July 18, 2018, the Preliminary Approval Motion was granted in part (the "Preliminary Approval Order"). Dkt. 51. Approval was conditioned on a change to one of the terms of the settlement. Thus, the allocation of proceeds would change so that the PAGA penalties be increased from $15,000 to $35,000. *Id*.

On November 19, 2018, Plaintiff filed a Motion for Final Approval of Class Action Settlement. Dkt. 52 ("Final Approval Motion"). Plaintiff also filed a Motion for Final Approval of Attorney's Fees and Costs. Dkt. 53 ("Attorney's Fees Motion") (collectively, with the Final Approval Motion, the "Motions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
|---|---|---|---|
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

Defendants did not oppose either of the Motions. *See* Final Approval Motion, Dkt. 52-1 at 6; Attorney's Fees Motion, Dkt. 53-1 at 6.

On December 17, 2018, a hearing was held on the Motions and they were granted. Dkt. 55. It was stated that this separate and more detailed order would be issued. *Id.*

The Preliminary Approval Order includes a detailed discussion of the factual background of this action, the details of the settlement, and the basis for a determination that the class should be certified for settlement purposes, the settlement should be approved, and the award of fees and costs approved. It is incorporated by this reference.

**II.    Summary of Settlement and Notice Process**

    A.    Background

The Final Approval Motion includes a detailed summary of the terms to which the parties agreed in the settlement. A copy of the settlement agreement was filed concurrently with the Final Approval Motion. *See* Ex. A to Declaration of Hallie Von Rock ("Von Rock Decl."), Dkt. 52-2 at 10-42 ("Settlement"). The Settlement is memorialized in two documents: (i) the June 2018 agreement that was presented in connection with the Preliminary Approval Motion; and (ii) the August 2018 modified version that reflects the $20,000 increase of the PAGA penalty required by the Preliminary Approval Order. *Id.* Several matters were addressed in detail in the Preliminary Approval Order, and those discussions are not repeated here, but incorporated by this reference.

The following discussion addresses the new issues presented by the Motions.

    B.    The Class Definition and the Class Period

Under the Settlement, the following Class Definition has been adopted:

> [A]ll persons employed by UNIQLO as non-exempt hourly employees at a UNIQLO store in California during all or part of the Class Period.

Settlement ¶ 5. The Settlement defines the Class Period as between January 12, 2013, and the date the Settlement is preliminarily approved, *id.* ¶ 6, *i.e.*, July 18, 2018.

    C.    Payments to Class Members

Defendants have agreed to make a total payment of $864,000 (the "Total Settlement Amount") in exchange for a release of all claims advanced in this action. Settlement Modification, Dkt. 52-2 at 11-12 ¶ 28. After fees, costs, and certain other deductions identified below, $530,534 of the Total Settlement Amount will be allocated to the payment of individual settlement awards. *See* Final Approval Motion, Dkt. 52-1 at 9.

Each class member who has not opted out will receive his or her settlement award by First Class Mail. *See* Preliminary Approval Order, Dkt. 51 at 3. Payments will be based on the number of weeks during

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

the class period when a class member was employed by Defendants. *Id.*; *see also* Settlement ¶ 58. No funds will revert to Defendants. Instead, any unclaimed funds will be conveyed to the State of California Controller's Office, Unclaimed Property Fund. Settlement ¶ 57.

Following the Preliminary Approval Order, 5342 class members were identified. Of these, 40 opted out of the settlement. Declaration of Kelly Kratz ("Kratz Decl."), Dkt. 52-3 ¶¶ 4, 10. This leaves 5302 participating class members. *Id.* ¶ 12. The Settlement Administrator determined that these class members worked a total of 226,975.57 workweeks during the Class Period, which represents an average of 42.81 workweeks per participating class member. *Id.* ¶ 13. Therefore, under the terms of the Settlement as approved, the average recovery for each participating class member will be $99.91 after fees and costs are deducted. Von Rock Decl., Dkt. 52-2 at 4 ¶ 7.

    D.    Deductions from the Total Settlement Amount

The Total Settlement Amount of $864,000 is unchanged since the issuance of the Preliminary Approval Order. This amount is allocated as follows consistent with the Settlement and the terms of this Order of final approval:

| | Amount | Percent of TSA |
|---|---|---|
| **Total Settlement Amount ("TSA")** | **$864,000** | **100%** |
| Individual Settlement Awards (includes 25% of PAGA Penalties) | ($530,534) | 61.40% |
| Attorney's Fees | ($259,200) | 30% |
| Litigation Costs | ($19,200) | 2.22% |
| Class Representative Enhancement Payment | ($5000) | 0.58% |
| Settlement Administration Costs | ($23,816) | 2.76% |
| Payment to LWDA (75% of PAGA Penalties[1]) | ($26,250) | 3.04% |

There has been no significant change to this allocation of the Total Settlement Amount since the Preliminary Approval Order.[2]

    E.    Notice to Class

The Settlement Agreement provides for a process for notice to Class members. Settlement ¶ 42. A copy of the Notice that was sent following preliminary approval of the settlement is attached to the

---

[1] This proposed distribution of PAGA penalties is consistent with the principle that "civil penalties recovered under PAGA are distributed 75 percent to the LWDA and 25 percent to the aggrieved employees." *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007 (N.D. Cal. 2007).

[2] The changes since the Preliminary Approval Order are as follows: (i) litigation costs are $800 less than the amount approved in connection with preliminary approval; (ii) settlement administration costs are $1184 less than the amount approved in connection with preliminary approval; and (iii) the Settlement has been modified to add $20,000 to the allocation toward the PAGA claims, as required by the Preliminary Approval Order. *See* Settlement Modification, Dkt. 52-2 at 11-12 ¶¶ 17, 28. Those three changes resulted in a net reduction of $13,016 in the total fund for individual settlement awards set forth in the Settlement as of the time of the motion for preliminary approval. The requests for attorney's fees and the class representative enhancement payment are unchanged. *See* Final Approval Motion, Dkt. 52-1 at 9-10; Attorney's Fees Motion, Dkt. 53-1 at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
|---|---|---|---|
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

declaration of the Settlement Administrator. *See* Ex. A to Kratz Decl., Dkt. 52-3 at 6-15. On August 29, 2018, the Notice was sent by First Class Mail to each of the 5342 class members who were identified. Kratz Decl., Dkt. 52-3 ¶ 6.

Class members were provided the opportunity to opt out of the settlement, or object to some or all of its terms. Settlement ¶¶ 44, 46. The Notice stated that Class members could opt out by completing and mailing to the Settlement Administrator an enclosed form titled "Request for Exclusion." Notice, Dkt. 52-3 at 11, 15. Requests for Exclusion had to be postmarked on or before 60 days from the date on which the Notice was mailed, *i.e.* October 29, 2018.[3] *Id.* The Notice also stated that class members could object to some or all of the terms of the Settlement by submitting written objections by the same deadline. *Id.* at 10-11 ¶ 2.

As of November 12, 2018, 40 valid opt-out requests (0.75% of the class members to whom a Notice was mailed) had been received. Kratz Decl., Dkt. 52-3 ¶ 10. No objections were received. *Id.* ¶ 11. Additionally, of the 5342 Notices sent, as of that date there were 148 class members (2.8%) whose Notices had been returned as undeliverable and for whom no updated or forwarding address could be located with the aid of "a professional address search firm." *Id.* ¶¶ 7-9.

> F.   Release of Claims and Dismissal of Appeal

As stated in the Preliminary Approval Order, the Settlement Agreement provides that the claims of all class members will be dismissed, and that Defendants will file a request for dismissal of appeal of a prior order. Preliminary Approval Order, Dkt. 51 at 5.

**III.   Analysis**

Because the Preliminary Approval Order has been incorporated by reference, its analysis is not repeated here.

> A.   Class Certification

The Preliminary Approval Order included a detailed analysis of why the class should be certified for purposes of settlement. Preliminary Approval Order, Dkt. 51 at 6-11. There have been no material changes that would affect that analysis. Therefore, for the reasons stated in the Preliminary Approval Order, the Final Approval Motion has been **GRANTED** as to final certification of the settlement class.

> B.   Final Approval of the Settlement Agreement

The Preliminary Approval Order included a detailed analysis of why the settlement meets the requirements of Fed. R. Civ. P. 23(e), including that a settlement be fair, adequate, and reasonable. *Id.* at 11-18. There have been no material changes to the terms of the settlement that would affect the prior analysis of certification. Based on the number of opt-out requests received, each of the 5302 participating class members will receive an average payment of $99.91, which represents "66 cents on the dollar" compared to the $151 spent by the average class member on compliant clothing during the

---

[3] October 29, 2018 was 61 days after the Notices had been mailed, because October 28, 2018 was a Sunday.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
|---|---|---|---|
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

class period. *See* Von Rock Decl., Dkt. 52-2 ¶¶ 5, 8.

The Settlement Agreement has been modified to provide a greater allocation toward the PAGA claims, as required by the Preliminary Approval Order. The $5000 incentive award to the single named Plaintiff remains consistent with the applicable standards, particularly in light of that person's modified estimate that he spent approximately 40 hours assisting with this litigation. *See* Declaration of Azariah Rivera ("Rivera Decl."), Dkt. 52-4 ¶¶ 4-7. In light of the foregoing and for the reasons stated in the Preliminary Approval Order, the settlement meets the requirements of Rule 23(e).[4]

    C.    Notice to Appropriate Federal and State Officials

As required by 28 U.S.C. § 1715(b), which is a section of the Class Action Fairness Act ("CAFA"), Defendants served notice on appropriate federal and state officials within 10 days of the filing of the Preliminary Approval Motion. Declaration of Matthew B. Riley ("Riley Decl."), Dkt. 54 at 2 ¶ 2. The notice that was served complied with the requirements of 28 U.S.C. § 1715(b). *See id.* at 2-3 ¶ 3; *see also* Exhibits to Riley Decl., Dkt. 54 at 5-92, Dkt. 54-1 at 1-357.

The Order granting the Final Approval Motion was issued on December 17, 2018. Because that is more than 90 days after the date when those officials were served with the notice, the process complied with the waiting period required by 28 U.S.C. § 1715(d). No federal or state officials filed any objections or challenges to the settlement or posed any questions about it. Riley Decl., Dkt. 54 ¶ 4. Nor did any appear at the hearing on the Motions.

For the foregoing reasons, the Final Approval Motion has been **GRANTED**.

    D.    Attorney's Fees Motion

As noted, Plaintiff is represented in this action by Aiman-Smith. The Attorney's Fees Motion seeks final approval of an award to Class Counsel of 30% of the Total Settlement Amount, *i.e.*, $259,200. Attorney's Fees Motion, Dkt. 53-1 at 21. The Settlement Agreement, of which class members were notified, provided for an award of up to this amount. Settlement Modification, Dkt. 52-2 at 11-12 ¶ 28. The Attorney's Fees Motion also seeks final approval of an award of costs of $19,200. Attorney's Fees Motion, Dkt. 53-1 at 21. The attorney's fees and costs are to be paid from the Total Settlement Amount. Settlement Modification, Dkt. 52-2 at 11-12 ¶ 28. The Preliminary Approval Order determined that fees of $259,200 and costs of up to $20,000 were appropriate. Preliminary Approval Order, Dkt. 51 at 18-19.

Aiman-Smith submitted substantial evidence through summary charts to support the attorney's fees and cost provisions of the Settlement Agreement. *See* Declaration of Hallie Von Rock in Support of Attorney's Fees Motion ("Von Rock Fees Decl."), Dkt. 53-2 ¶¶ 18-20; Ex. A to Von Rock Fees Decl.,

---

[4] After the Preliminary Approval Order was issued, Rule 23(e) was amended. The Settlement satisfies the requirements of the amended Rule 23 for the same reasons that it satisfied the previous version. This conclusion is consistent with the comments of the Advisory Committee, that "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02848 JAK (JPRx) | Date | December 21, 2018 |
|---|---|---|---|
| Title | Azariah Rivera v. Uniqlo California, LLC, et al. | | |

Dkt. 53-2 at 17-21 (Cost Detail). Applying its normal hourly rates to the time worked by attorneys on this matter results in a calculation of $441,265 in fees. Von Rock Fees Decl., Dkt. 53-2 ¶¶ 18-19. There is also evidence as to the $19,200 in requested costs. *Id.* ¶ 20; Ex. A to Von Rock Fees Decl., Dkt. 53-2 at 17-21 (Cost Detail). The records also describe the work performed and the applicable hourly rates. *Id.* This evidence reflects that the proposed fee award is significantly less than the estimated Lodestar amount. Thus, the estimated multiplier is approximately .59.

The submitted records are sufficient to show the reasonableness of the requested award of attorney's fees of 30% of the Total Settlement Amount as well as the $19,200 for litigation costs. As stated in the Preliminary Approval Order, experienced counsel took a risk in pursuing this action in that there was no assurance that any fees would ultimately be paid. Class Counsel achieved a substantial benefit for members of the Class. Finally, a 30% allocation is in line with awards in similar actions. Therefore, the Attorney's Fees Motion has been **GRANTED** because the proposed fees and costs are reasonable.

### IV.     Conclusion

For the reasons stated in this Order, the Motions have been **GRANTED**. Judgment shall be entered dismissing the action with prejudice; provided, however, that the Court shall retain jurisdiction with respect to any issues that arise as to the disbursement of unclaimed settlement funds and related matters. Counsel shall lodge a proposed final judgment in Word format on or before December 31, 2018. On or before July 1, 2019, the parties shall submit a joint report setting forth their collective and/or respective views as to whether any issues relating to the disbursement of settlement funds remain, and, if so, a proposed method and schedule for their resolution.

**IT IS SO ORDERED**.

_____ : _____

Initials of Preparer    ak