UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZARIAH RIVERA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIQLO CALIFORNIA, LLC, FAST RETAILING USA, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:17-cv-2848 JAK (JPRx)<br><br>**JUDGMENT**<br><br>**JS-6** |

On December 17, 2018, the Court issued a minute order granting Plaintiff Azariah Rivera's ("Plaintiff") Motion for Entry of Order Finally Approving Class Action Settlement and Motion for Entry of Order Finally Approving Attorney's Fees and Litigation Costs. (ECF No. 55.) On December 21, 2018, the Court issued a separate and more detailed order granting Plaintiff's Motions. (ECF No. 56.) Having finally approved the parties' Settlement, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Capitalized terms used in this Order that are not otherwise defined herein shall have the meaning assigned to them in the Settlement Agreement.

2. The Notice of Settlement fairly and adequately advised Class Members of: the pendency of the Action; the proposed Settlement; Class Members' right to receive their share of the Settlement; the scope and effect of the Settlement's Released Claims; Class Members' rights and obligations relating to the relief provided through the Settlement; the Court's preliminary approval of the proposed Settlement; Class Members' right to exclude themselves from and/or object to the Settlement; the date of the Final Approval Hearing; and the right to file documentation in support of or in opposition to the Settlement and to appear in connection with the Final Approval Hearing. Class Members had adequate time to consider this information and to use the procedures identified in the Notice of Settlement. The Court finds and determines that this notice procedure afforded adequate protections to Class Members, and that the Notice of Settlement provided in the Action was the best notice practicable, which satisfied the requirements of law and due process.

3. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the Attorney General of the United States and the appropriate State official(s) fully and adequately complied with the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

////

////

4. The Court hereby finds that the Parties' notice of the proposed Settlement submitted to the LWDA fully and adequately complied with the notice requirements of PAGA, California Labor Code § 2699(*l*).

5. The Court having found that each of the elements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied, for purposes of settlement only, the Settlement Class is certified pursuant to Federal Rule of Civil Procedure 23, on behalf of the following persons:

> All persons employed by UNIQLO as non-exempt hourly employees at a UNIQLO store in California during all or part of the time period from January 12, 2013 through July 18, 2018 (the date of preliminary approval).

6. For purposes of this Order and for this Settlement only, the Court hereby certifies the Claims asserted on behalf of Class Members, as defined in the Settlement Agreement.

7. All Participating Class Members shall be subject to all of the provisions of the Settlement, the Settlement Agreement, this Order, and Final Judgment to be entered by the Clerk of the Court.

8. The Parties are ordered and directed to effectuate the Settlement according to its terms. The Court hereby orders the Settlement Administrator to distribute the Settlement funds as approved in the Court's December 21, 2018 Order (ECF No. 56) and in accordance with the provisions of the Settlement Agreement.

9. As of the Effective Date, Participating Class Members shall be deemed to have released the Released Parties from all Claims, as defined in the Settlement Agreement. All Participating Class Members, as of the Effective Date, are hereby forever barred and enjoined from prosecuting the Claims against the Released Parties.

10. Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendants or any of the

other Released Parties of any fault, wrongdoing or liability whatsoever. Nor is this Order a finding of the validity of any Claims in the Action or of any wrongdoing by Defendants or any of the other Released Parties. The entering into or carrying out of the Settlement Agreement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendants or any of the other Released Parties and shall not be offered in evidence against Defendants or any of the Released Parties in any action or proceeding in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in the Action or in any other proceeding this Order, the Settlement Agreement, or any other papers and records on file in the Action as evidence of the Settlement and to support a defense of *res judicata*, collateral estoppel, release, waiver or other theory of claim preclusion, issue preclusion or similar defense.

11. Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of the Plaintiff, any Class Member, Defendants, or any other person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action are or are not meritorious, and this Order, the Settlement Agreement or any such communications shall not be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Class Member, or any other person has suffered any damage; *provided*, *however*, that the Settlement Agreement, this Order, and the Final Judgment to be entered thereon may be filed in any action by Defendants or Class Members seeking to enforce the Settlement Agreement or the Final Judgment by injunctive or other relief, or to assert

defenses including, but not limited to, *res judicata*, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement Agreement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to the Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Class Members or any other person subject to the provisions of this Order.

12. In the event that the Settlement Agreement does not become final and effective in accordance with the terms of the Settlement Agreement, then this Order and the Final Judgment and all orders entered in connection herewith, including any order of conditional certification and/or appointing a class representative or Class Counsel, shall be rendered null and void and be vacated. Moreover, the parties shall be returned to the status each occupied before they entered into the Settlement without prejudice to any legal argument that any of the parties to the Settlement Agreement might have asserted but for the Settlement Agreement. Additionally, any Settlement funds distributed under the terms of the Settlement shall be returned to Defendants.

13. Without in any way affecting the finality of this Order and the Final Judgment, this Court hereby retains continuing jurisdiction as to all matters relating to: (a) the interpretation and enforcement of the terms of the Settlement; (b) Settlement administration matters; and (c) such post-Judgment matters as may be appropriate under Court rules or as set forth in the Settlement.

14. The Court hereby enters judgment of the entire Action, with prejudice, for the reasons set forth above and in the Court's December 17, 2018 minute order (ECF No. 55) and December 21, 2018 order (ECF No. 56), and upon the terms set forth in the Settlement Agreement.

/ / / /

/ / / /

/ / / /

15. This Action and the Claims alleged therein are hereby ordered dismissed with prejudice.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

Dated: January 11, 2019

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE